**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID L. TURNER, JR.,

    Plaintiff,

        v.                      Civil Action No. 14-261 (JEB)

U.S. PAROLE COMMISSION,

    Defendant.

## MEMORANDUM OPINION

Plaintiff David L. Turner, Jr., has filed no fewer than five *pro se* Complaints in the District of Columbia Superior Court and U.S. District Court in the last few months. The ones filed in Superior Court have now been removed here. See ECF No. 1 (Notice of Removal), Exh. A (Superior Court Complaint, Dec. 31, 2013); Turner v. U.S. Parole Commission, No. 14-89, ECF No. 1 (Notice of Removal), Exh. A (Superior Court Complaint, Nov. 25, 2013); Turner v. Corrections Corp. of America, No. 14-381, ECF No. 1 (Notice of Removal), Exh. A (Superior Court Complaint, Feb. 3, 2014); Turner v. Sixth District MPD, No. 14-424, ECF No. 1 (Complaint, Feb. 27, 2014); Turner v. U.S. Parole Commission, No. 14-448, ECF No. 1 (Complaint, March 20, 2014). The crux of each of his suits is that he was wrongfully imprisoned or illegally detained at the Correctional Treatment Facility here in the District. It is unclear, however, whether he is alleging that he was wrongfully arrested by the police, wrongfully

detained by jail officials, wrongfully refused supervised release, or wrongfully subjected to revocation of supervised release.

In two of his cases, he has sued the Corrections Corporation of America and the Sixth District of the Metropolitan Police Department, respectively. In the other three, the sole Defendant is the U.S. Parole Commission. In this case, his Complaint reads in its entirety: "I was wrongfully imprisoned on October 18, 2013[.] This wrongful imprisonment lasted 2 years end on August 10, 2013 [*sic*.]" Compl. at 1. It seeks $10,000 in damages. Id. The USPC moved to dismiss, arguing that the Complaint does not state sufficient facts upon which relief may be granted and also asserting sovereign immunity as a defense. Plaintiff responded with a pleading that said little, but referred generally to the FTCA [Federal Tort Claims Act] and torts of negligence, false imprisonment, and abuse of process. See Resp. at 1.

On March 13, 2014, this Court issued an Order, informing Plaintiff that his Complaint was "plainly insufficient on its face." See ECF No. 8 at 1. The Court did not dismiss the case, however; instead, it "afford[ed] Plaintiff another opportunity to set forth his claim in sufficient detail. He must explain what he contends occurred here, why it violated his rights, and why the USPC is the proper Defendant." Id. at 2. The Court permitted Plaintiff to file an Amended Complaint by March 31, 2014, or, it warned, the matter would be dismissed without prejudice. Id. Plaintiff has not responded. Perhaps he now believes that the USPC is not the proper Defendant or perhaps there is some other reason. In any event, as he has failed to respond to the Court's Order, it will dismiss the case without prejudice.

If Plaintiff decides to file yet another suit, he needs to decide what exactly he is complaining of. If his claim is that the police wrongfully arrested him, then he should so state and name those officers or the District of Columbia as defendants. If, instead, he believes that he

2

was overdetained at the Correctional Treatment Facility, then his beef is with the Corrections Corporation of America, which he has in fact sued in civil action no. 14-381. See Wormley v. United States, 601 F. Supp. 2d 27 (D.D.C. 2009) (denying CCA's motion to dismiss suit for overdetention at CTF). If, alternatively, he believes that the USPC was somehow involved and violated his rights in its procedures or actions, he needs to say why. Before he contemplates bringing such an action against the Commission, however, Plaintiff should be aware that certain claims may be blocked by sovereign immunity or a failure to exhaust administrative remedies under the Federal Tort Claims Act. See Stoddard v. U.S. Parole Commission, 900 F. Supp. 2d 38, 40-42 (D.D.C. 2012).

At this point, despite giving Plaintiff a second chance to explain the basis of his suit, the Court cannot even discern whether his imprisonment was the result of a revocation of supervised release or whether he was even under supervision at the time in question. In other words, Plaintiff has never stated how the USPC is responsible for his injury. As a result, the Court will dismiss the matter without prejudice.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: April 7, 2014